| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Kremer & Davis, Inc.,

    Plaintiff,

Vs.

Midwest Family Mutual Insurance Company,

    Defendant.

Court File No. _____

**DEFENDANT MIDWEST FAMILY MUTUAL INSURANCE COMPANY'S ANSWER AND COUNTERCLAIM**

TO:    PLAINTIFF, ABOVE-NAMED, AND ITS COUNSEL OF RECORD:

For its Answer to Plaintiff's Complaint herein, Defendant Midwest Family Mutual Insurance Company ("MFM") states and alleges as follows:

1.

Denies each and every claim, allegation, and thing stated in Plaintiff's Complaint except as otherwise expressly admitted or otherwise qualified herein.

2.

With respect to the allegations of Paragraph 1 of Plaintiff's Complaint, admits only that this action arises out of an insurance coverage dispute between Plaintiff and MFM.

3.

Admits, upon information and belief, the allegations of Paragraph 2 of Plaintiff's Complaint.

4.

With respect to the allegations of Paragraph 3 of Plaintiff's Complaint, admits only that MFM is an Iowa corporation and that it does business in Minnesota. MFM specifically denies that its principal headquarters are in Plymouth, Minnesota and affirmatively alleges that its principal place of business is instead in Iowa.

5.

With respect to the allegations of Paragraphs 4 through 6 of Plaintiff's Complaint, affirmatively alleges that the federal district court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6.

With respect to the allegations of Paragraph 7 of Plaintiff's Complaint, admits only that MFM issued a policy of insurance to Plaintiff (the "Policy"), which Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and which speaks for itself. MFM specifically denies that the document attached to Plaintiff's Complaint as Exhibit A is a true and correct copy of the full Policy at issue.

7.

With respect to the allegations of Paragraph 8 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

8.

With respect to the allegations of Paragraph 9 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

9.

With respect to the allegations of Paragraph 10 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all

the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

10.

With respect to the allegations of Paragraph 11 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

11.

With respect to the allegations of Paragraph 12 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

12.

With respect to the allegations of Paragraph 13 of Plaintiff's Complaint, admits that Kremer & Davis, Inc. is the named insured under the Policy.

13.

With respect to the allegations of Paragraph 14 of Plaintiff's Complaint, admits only that similar language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

14.

With respect to the allegations of Paragraph 15 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all

the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

15.

With respect to the allegations of Paragraph 16 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

16.

With respect to the allegations of Paragraph 17 of Plaintiff's Complaint, admits only that the quoted language appears in the Policy but affirmatively alleges that the Policy is subject to all the terms, conditions, exclusions, and endorsements contained therein and that the Policy speaks for itself.

17.

Denies the allegations of Paragraph 18 of Plaintiff's Complaint as stated and put Plaintiff to its strict proof thereof.

18.

Admits the allegations of Paragraph 19 of Plaintiff's Complaint.

19.

Admits, upon information and belief, the allegations of the first sentence of Paragraph 20 of Plaintiff's Complaint, but lacks information sufficient to form a belief as to whether Exhibit B to Plaintiff's Complaint is a true and correct copy of the referenced contract and therefore must deny the same and put Plaintiff to its strict proof thereof.

20.

With respect to the allegations of Paragraphs 21 through 27 of Plaintiff's Complaint, generally admits it is aware of the underlying litigation and the claims asserted therein and affirmatively alleges that the pleadings in that matter speak for themselves and denies any allegations inconsistent therewith.

21.

With respect to the allegations of Paragraphs 28 and 29 of Plaintiff's Complaint, affirmatively alleges that the referenced contract speaks for itself and denies any allegations inconsistent therewith.

22.

Lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to its strict proof thereof.

23.

With respect to the allegations of Paragraph 31 of Plaintiff's Complaint, admits only that, at some point after it was sued, Plaintiff informed MFM and sought coverage under the Policy.

24.

With respect to the allegations of Paragraph 32 of Plaintiff's Complaint, affirmatively alleges that the April 12, 2021 letter speaks for itself and denies any allegation inconsistent therewith.

25.

With respect to the allegations of Paragraphs 33 and 34 of Plaintiff's Complaint, affirmatively alleges that the May 27, 2021 letter speaks for itself and denies any allegation inconsistent therewith.

26.

With respect to the allegations of Paragraphs 35 and 36 of Plaintiff's Complaint, affirmatively alleges that the August 18, 2021 letter speaks for itself and denies any allegation inconsistent therewith.

27.

With respect to the allegations of Paragraph 37 of Plaintiff's Complaint, affirmatively alleges that the Policy speaks for itself and denies any allegation inconsistent therewith.

28.

With respect to the allegations of Paragraphs 38 through 40 of Plaintiff's Complaint, MFM affirmatively alleges that these are legal conclusions to which no response is required. To the extent a response is required, MFM denies these allegations as stated and puts Plaintiff to its strict proof thereof.

29.

Denies the allegations of Paragraph 41 of Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

30.

Lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 42 and 43 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to its strict proof thereof.

31.

With respect to the allegations of Paragraph 44 of Plaintiff's Complaint, MFM restates its responses to the preceding paragraphs of Plaintiff's Complaint.

32.

Lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 45 and 46 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to its strict proof thereof.

33.

Admits the allegations of Paragraph 47 of Plaintiff's Complaint.

34.

With respect to the allegations of Paragraph 48 of Plaintiff's Complaint, MFM admits that Plaintiff seeks a judicial determination that coverage exists, but MFM denies that Plaintiff is entitled to such a determination.

35.

Denies the allegations of Paragraph 49 of Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

36.

With respect to the allegations of Paragraph 50 of Plaintiff's Complaint, admits only that the Court's ruling in this matter will terminate some of the existing controversy between Plaintiff and MFM.

37.

With respect to the allegations of Paragraph 51 of Plaintiff's Complaint, MFM restates its responses to the preceding paragraphs of Plaintiff's Complaint.

38.

Lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to its strict proof thereof.

39.

Denies the allegations of Paragraphs 53 through 55 of Plaintiff's Complaint and puts Plaintiff to its strict proof thereof.

40.

Denies Plaintiff's entitlement to the relief requested in its prayer for relief.

41.

Affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

42.

Affirmatively alleges that Plaintiff's Complaint may be barred in whole or in part by Plaintiff's failure to join necessary and indispensable parties.

43.

Affirmatively alleges that Plaintiff's claims may be barred in whole or in part by the doctrines of waiver and/or estoppel.

44.

Affirmatively alleges that Plaintiff's claims may be barred in whole or in part by Plaintiff's own breaches of contract and/or other duties.

45.

Affirmatively alleges that Plaintiff's claims are barred in whole or in part by the terms, conditions, exclusions, and endorsements of the applicable Policy.

46.

Affirmatively alleges that Plaintiff's damages, if any, were caused by others over whom MFM had no control or right of control.

## COUNTERCLAIM

For its Counterclaim against Plaintiff Kremer & Davis, Inc. ("Kremer"), Defendant Midwest Family Mutual Insurance Company ("MFM") states and alleges as follows:

47.

The Policy does not provide defense or indemnity coverage to Kremer for the claims against it in the underlying litigation for several reasons, including but not limited to those set forth in the August 18, 2021 letter from MFM to Kremer, which is attached to Plaintiff's Complaint in this matter as Exhibit G.

48.

MFM is entitled to a declaratory judgment that it owes no duty to defend or indemnify Kremer for the claims in the underlying litigation.

49.

The Policy issued by MFM to Kremer, which is at issue in Plaintiff's Complaint in this matter, includes an endorsement entitling MFM to reimbursement of the defense costs it has incurred on Kremer's behalf.

50.

MFM is entitled to judgment against Kremer for the amounts it has incurred defending Kremer in the underlying litigation to date, in an amount to be determined at trial.

**WHEREFORE**, MFM requests judgment as follows:

1. That the Court determine and declare that the Policy issued by MFM to Kremer provides no coverage for any claims against Kremer in the underlying litigation.

2. That the Court determine and declare that MFM owes no duty to defend or indemnify Kremer for any claims against it in the underlying litigation.

3. A judgment against Kremer for all amounts expended by MFM in defending Kremer in the underlying litigation to date.

4. For such further necessary and proper relief as the Court deems appropriate pursuant to 28 U.S.C. § 2202.

5. For an award of MFM's costs and disbursements herein.

6. For such other relief as the Court may deem just and equitable.

Dated:  October 5, 2021.                   **LIND JENSEN SULLIVAN & PETERSON,**
                                           **A PROFESSIONAL ASSOCIATION**

                                           s\Brian A. Wood
                                       By: _____
                                           Brian A. Wood (#141690)
                                           Matthew D. Sloneker (#0338953)
                                           Attorneys for Defendant Midwest Family
                                           Mutual Insurance Company
                                           1300 AT&T Tower
                                           901 Marquette Avenue South
                                           Minneapolis, MN 55402
                                           (612) 333-3637
                                           Brian.wood@lindjensen.com
                                           Matt.sloneker@lindjensen.com

## ACKNOWLEDGMENT

If the requirements of good faith pleading set forth in Minn. Stat. § 549.211 are breached, the undersigned acknowledges that the court may award costs, including reasonable attorney's fees, to opposing parties.

                                           s\Brian A. Wood
                                           _____
                                           Brian A. Wood

10